

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
NOV 13 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BARBARA M. AGNEW and
MICHAEL R. AGNEW,

          Plaintiffs,

v.                                      Civil Action No. 2:14cv525

UNITED LEASING CORPORATION,

          Defendant.

## ORDER

This matter is before the Court on a Motion for Reconsideration and Clarification of Prior Order (ECF No. 17) filed by United Leasing Corporation ("ULC" or "Defendant"), and cross Motions for Summary Judgment filed by Plaintiffs Barbara M. Agnew and Michael R. Agnew ("the Agnews" or "Plaintiffs") (ECF No. 13) and ULC (ECF No. 19). Defendant also filed a Request for Hearing on the aforementioned motions (ECF No. 28). The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decision-making process.

For the reasons that follow, Plaintiffs' Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, Defendant's Motion for Reconsideration is **DENIED** as moot, and Defendant's Request for Hearing is **DENIED** as moot.

### I. PROCEDURAL HISTORY

On October 3, 2014, the Agnews brought this suit against ULC in the United States Bankruptcy Court for the Eastern District of Virginia. The parties entered into a Forbearance

1

Agreement,[1] and confessed judgment in favor of ULC for an amount due under a promissory note and lease. Upon entry of the prior Confessed Judgment into record, ULC obtained a judgment lien against the Agnews' personal residence located at 1309 Taylors Point Road, Virginia Beach, Virginia 23454 (hereinafter, "the Property"). Plaintiffs made the following allegations in their Complaint: (1) that the prior Confessed Judgment is void due to improper service, rendering ULC's judgment lien invalid; (2) that Plaintiffs have no personal liability under the Forbearance Agreement, and (3) multiple breach of contract claims.

Plaintiffs requested a trial by jury. Pursuant to 28 U.S.C. § 157, the Bankruptcy Court is unable to conduct a trial by jury. Accordingly, the case was transferred to this Court.

Defendant filed a Motion to Dismiss. Thereafter, Defendant filed a Motion to Decide Motion to Dismiss Without a Hearing. On May 20, 2015, this Court granted Defendant's Motion to Decide Motion to Dismiss Without a Hearing, and granted in part, and denied in part, Defendant's Motion to Dismiss. ECF No. 12. The issues that survived the Motion to Dismiss are: (1) whether the Confessed Judgment is void for lack of service; and (2) whether Plaintiffs remain personally liable under the Forbearance Agreement.

After this Court issued its May 20, 2015 Order, Plaintiffs filed their Motion for Summary Judgment (ECF No. 13) asserting that ULC's Confessed Judgment is void for failure of service. Defendant responded in opposition.

Thereafter, Defendant simultaneously filed its Motion to Reconsider and Clarify Prior Order (ECF No. 17), and Motion for Summary Judgment (ECF No. 20). Defendant's pleadings

---

[1] The primary purpose of the Forbearance Agreement was to resolve the dispute regarding defaulted leases between AGM Development Corporation ("AGM") and the Agnews, and ULC. In the Forbearance Agreement, AGM and the Agnews confessed judgment in favor of ULC in the principal amount of $884,705.00, plus stipulated legal fees and costs of $50,000 and a workout fee not to exceed $250,000, with simple interest on the principal amount at the rate of prime plus one percent from July 1, 1999 ("Confessed Judgment"). ECF No. 20, at 2 ¶ 4.

2

assert that the Confessed Judgment is valid; that the outcome of the Resource Litigation[2] did not release Plaintiffs from liability, and that the Confessed Judgment does not fail for lack of service.

Plaintiffs filed their Opposition briefs twelve days late, along with a Motion for Leave to File Late. Defendant opposed Plaintiffs' Motion for Leave and filed a Motion to Strike. Plaintiffs filed an Opposition to Defendant's Motion to Strike, but did not file a Reply regarding their Motion for Leave. The matter was referred to Magistrate Judge Douglas E. Miller. Magistrate Judge Miller denied Plaintiffs' Motion for Leave and granted Defendant's Motion to Strike Plaintiffs' Opposition briefs. Plaintiffs' Opposition briefs were stricken from the record.

## II.   FACTUAL BACKGROUND

A. PRIOR STATE PROCEEDINGS

On June 2, 2000, the Agnews and AGM Development Corporation—a company controlled by the Agnews—entered into a Forbearance Agreement Regarding a Confession of Judgment with ULC. ECF No. 1-1 ¶ 8. On June 8, 2000, ULC delivered the Confessed Judgment to the Clerk of the Circuit Court for the City of Richmond. ECF No. 1-1 at ¶ 10. In a cover letter to the Clerk, counsel for ULC requested the Clerk to "please have the Sheriff of the City of Virginia Beach serve copies of the Confession of Judgment on . . . Michael Agnew and Barbara Agnew pursuant to § 8.01-438 of the Code of Virginia." *Id.* (internal quotation marks omitted). Counsel supplied addresses for service. *Id.*

1. THE VIRGINIA BEACH ACTION

In 2007, the Agnews filed an action against ULC in the Circuit Court for the City of

---

[2] The Resource Litigation was an action brought by the Agnews against Resource Bank for damages allegedly incurred that caused the Agnews to default on certain obligations to ULC. ECF No. 1-1, at ¶ 17.

3

Virginia Beach ("the Virginia Beach Action"),[3] seeking an injunction against the foreclosure of the Property and an accounting by ULC as to the true balance due under its lease secured by a deed of trust. ECF No. 7 at 2. The deed of trust secured a certain equipment lease, and was executed in the amount of $313,858.00. ECF No. 18-1 ¶ 17.

Judge A. Bonwill Shockley issued an Amended Final Order finding that all monies demanded by ULC under the deed of trust had been paid to the substitute trustee, and the lien of the underlying deed of trust had been, or was required to be, released. *Id.* at 10. The deed of trust securing the equipment lease was, therefore, released. *Id.*[4]

2. THE RICHMOND ACTION

On or about April 14, 2008, ULC filed a complaint in the Circuit Court for the City of Virginia Beach against the Agnews to enforce its judgment lien through the sale of the Property. ECF No. 5 at 2. The Agnews objected to venue in this case, and the case was transferred to the Circuit Court for the City of Richmond, *United Leasing Corporation v. Agnew, et al.*, Case No. CL08-3264 ("The Richmond Action").

On May 8, 2008, the Agnews filed a Plea in Bar asserting that they had been released from their obligations under the Forbearance Agreement. *Id.* at 3. After a hearing on the Plea in

---

[3] Despite extensive allegations regarding the Virginia Beach Action presented to the Court in this matter, the Virginia Beach Action is, in large part, irrelevant to the instant proceeding. Its history is recounted herein solely to distinguish between it and the Richmond Action, and to highlight Plaintiffs' prior inconsistent position concerning the validity of the Confessed Judgment. The Virginia Beach litigation involved a deed of trust for an equipment lease that was secured by the Property.

[4] It is noted that the redacted excerpts of the transcript from the August 23, 2007 hearing before Judge Shockley—those that the Agnews raised in opposition to ULC's Motion to Dismiss—inadequately presented the posture of the 2007 Virginia Beach Action. Moreover, the submissions made by Plaintiffs appear to constitute intentional misrepresentation or attempted deception. The Agnews' representations in opposition to ULC's Motion to Dismiss have prolonged this litigation. The Court is dismayed that Plaintiffs' representations appear intentionally misleading, and may have been designed to cause unnecessary delay. Accordingly, Defendant is directed to prepare a Judgment regarding this case. The Judgment shall include a proposed award of sanctions payable by plaintiffs' Counsel to defense Counsel. This award shall reflect defense Counsel's estimate of their costs incurred in preparing their Summary Judgment briefing. The draft Judgment shall be filed within thirty days of this Order. Plaintiffs' Counsel shall file its response within fourteen days after the draft Judgment is filed.

4

Bar, Judge Margaret P. Spencer of the Circuit Court for the City of Richmond entered an Order on February 5, 2009, overruling the Agnews' Plea in Bar and holding that they had not been released from their obligations under the Forbearance Agreement. ECF No. 5-5. On June 5, 2009, Judge Spencer entered a Decree of Reference appointing William K. Grogan as Commissioner in Chancery (the "Commissioner") to gather evidence in this case. ECF No. 5-6.

On October 30, 2009, the Agnews filed a Motion to Set Aside the Forbearance Agreement, seeking to dismiss the case on the grounds that the Confessed Judgment was improperly served. ECF No. 9. On October 21, 2010, Judge Spencer entered an Order ruling that: (1) the Agnews waived their right to challenge the validity of the Confessed Judgment based on lack of service; (2) the Agnews failed to overcome the rebuttable presumption that service of the Confessed Judgment was effected by the Clerk of the Court; and (3) the Doctrine of Laches barred the Agnews' challenge to the Forbearance Agreement. *Id.*

A trial was conducted before the Commissioner. On September 3, 2013 the Commissioner issued a report to the Richmond Circuit Court finding that ULC had a valid judgment lien against the Property, all necessary parties were before the Court, ULC accounted for all credits to the Agnews, and that ULC properly mitigated its damages. ECF No. 5-10. Judge Spencer, noting that the Agnews failed to timely file objections, approved the Commissioner's report on December 12, 2013. ECF No. 5-12.

On April 25, 2014, Judge Spencer granted the public sale of the Property and appointed a Special Commissioner to make the sale. ECF No. 5-13. The Special Commissioner noticed the sale for September 22, 2014. ECF No. 5-14. The sale was stayed pursuant to 11 U.S.C. § 362 by virtue of the Agnews' Chapter 11 bankruptcy petition filed on September 19, 2014. ECF No. 7 at 3. On June 18, 2015, Defendant filed its Motion for Summary Judgment.

### III. <u>STANDARD OF LAW</u>

A. SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some alleged factual dispute between the parties "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 247, 248 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be considered by a court in its determination. *Id.* at 248.

After a motion for summary judgment is advanced and supported, the opposing party has the burden of showing that a genuine dispute of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). At that point, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In so doing, the Court must construe the facts in the light most favorable to the non-moving party, and may not make credibility determinations or weigh the evidence. *Id.* at 255; *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007). However, a court need not adopt a version of events that is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). If there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," the motion for summary judgment should be denied. *Anderson*, 477 U.S. at 249.

Because Plaintiffs' Opposition to Defendant's Motion for Reconsideration and Motion for Summary Judgment was stricken from the record by Magistrate Judge Miller, the Agnews have presented no evidence in opposition to ULC's Motion for Summary Judgment. Therefore, the motion should be granted if the evidence presented supports ULC's claims. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (noting that even if a motion for summary judgment is unopposed, "the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts.").

## IV.   ANALYSIS

Following this Court's Order granting in part and denying in part Defendant's Motion to Dismiss, the issues before the Court are: (1) whether the Confessed Judgment is void for lack of service; and (2) whether the Agnews remain liable under the Forbearance Agreement because the Resource Litigation was dismissed for want of prosecution. ECF No. 17 at 2.

### A. IMPROPER SERVICE CLAIM

The Agnews claim that ULC failed to serve them with a certified copy of the Confessed Judgment within sixty days, pursuant to Virginia Code § 8.01-438. ECF No. 1-1, ¶ 13. The Agnews contend that as a result of Defendant's failure to properly serve the Confessed Judgment, the Forbearance Agreement is void. *Id.* Due to this alleged lack of service, the Agnews contend that ULC's judgment lien is invalid and should be stripped from the Property title. *Id.*

In response to this claim, ULC argues that: (1) the Agnews contractually waived their right to service of the Judgment; (2) the Agnews' actions subsequent to the entry of the Judgment constituted a waiver of their right to challenge the validity of the Judgment; (3) the Agnews are

7

judicially estopped from asserting that the Confessed Judgment is void due to their factual assertions concerning the Confessed Judgment in the Virginia Beach Action; (4) the Agnews' challenge to the Judgment is barred by the Doctrine of Laches; and (5) court records create a presumption that service was effected as requested by the Clerk.

These arguments suggest that the Agnews' improper service claim is invalid. However, the Court need not entertain each of ULC's arguments, because the Agnews have failed to rebut the presumption that service was effected as requested by the Clerk of the Richmond City Circuit Court. Public officers are presumed to have faithfully performed those duties with which they are charged. *See United States v. Ross*, 92 U.S. 281, 284-85 (1875) (holding that "[t]he presumption that public officers have done their duty, like the presumption of innocence, is undoubtedly a legal presumption"); *see also Brush v. Commonwealth*, 205 Va. 312, 316 (1964); *see generally R.E. Co. v. Fleishman, Morris & Co.*, 149 Va. 200 (1928) (stating that a public official is presumed to have performed his duty unless it is shown to the contrary); *Roe v. M & R Pipeliners*, 157 W. Va. 611, 615 (1973) ("the presumption that public officers discharge their duties in a regular and proper manner is a strong presumption compelled first by experience and second by society's interest in avoiding frivolous litigation over technicalities."). By presenting no evidence that the Judgment was served (nine years after the fact), the Agnews have failed to rebut the presumption that the Judgment was served by the Sheriff for the City of Virginia Beach.

The record reflects that on June 8, 2000, Kevin A. Altman ("Mr. Altman"), attorney-in-fact for AGM and the Agnews, appeared in the Circuit Court for the City of Richmond and confessed judgment against AGM Development Corporation, Michael Agnew and Barbara Agnew. ECF No. 20, Ex. F. The record also reflects that on June 8, 2000, R. Gaines Tavenner,

8

an attorney from Christian & Barton, L.L.P. and counsel for ULC, hand-delivered a letter to the Clerk of the Circuit Court for the City of Richmond filing the Confessed Judgment, and requesting that the Sheriff of the City of Virginia Beach serve copies of the same on AGM and the Agnews. The filing included a payment for the filing and service fees. ECF No. 20 Ex. E. The Clerk of the Richmond City Circuit Court directed that the Confessed Judgment be served, and payment was made by Mr. Altman to the Sheriff of the City of Virginia Beach in the amount of $36.00 for service. ECF 20, Ex. G.

In a declaration dated October 21, 2014 (ECF No. 13, Ex. A), Barabara Agnew asserted that "[t]here is no return of service of ULC's confessed Judgment by any sheriff, officer or private process server in any Richmond Circuit Court file. There is no record in the files of the Clerk of the Circuit Court for the City of Richmond, Virginia, that the confessed Judgment was ever served upon Michael Agnew and/or [her]." ECF No. 7-3. The Agnews also filed a June 19, 2009 affidavit (ECF No. 13, Ex. B) executed by Rebecca Columbia, Clerk II for the Sheriff's Department for the City of Virginia Beach, Virginia. ECF No. 7-4. The affidavit stated that Ms. Columbia searched the records of the Sheriff's Department, and "did not find a Confession of Judgment entry for the case of *United Leasing Corporation vs. Michael Agnew, Barbara Agnew and AGM Development Corporation*, Case No. CL00L01155-00, Circuit Court, City of Richmond, nor for any other Confession of Judgment by United Leasing against any of the defendants in this case." ECF No. 7-4

The Court agrees with ULC that the "fact that the Virginia Beach Sheriff's department cannot now locate evidence of such service over nine (9) years later is not sufficient to rebut the presumption that service was made as requested by the Clerk." ECF No. 20 at 26. ULC has demonstrated that it engaged in steps to properly serve the Judgment, thereby creating the

9

presumption that the Judgment was served on the Agnews. In response, the Agnews have failed to present any evidence that the confessed judgment was *not* served. The Agnews have presented only a lack of evidence that the judgement was served. But absence of evidence is not evidence of absence. The Agnews fail to rebut the presumption that service was effected as requested.

B. THE AGNEWS' PERSONAL LIABILITY CLAIM

The second claim that survived this Court's Order regarding ULC's Motion to Dismiss is the Agnews' personal liability claim. The Agnews allege that Paragraph 6 of the Forbearance Agreement expressly obligated ULC to release the Agnews from personal liability on the Forbearance Agreement "[u]pon conclusion of the Resource Litigation . . . *regardless of the outcome.*" ECF No. 1-1, ¶ 16 (internal quotation marks omitted). The Resource Litigation concluded and was dismissed on March 7, 2005 by a final order entered by the Virginia Beach Circuit Court, pursuant to § 8.01-335(B) of the Virginia Code. ECF No. 1-1, ¶ 17. The Agnews did not file a motion to reinstate the Resource Litigation pursuant to § 8.01-335(B). ECF No. 1-1, ¶ 18. Instead, on September 5, 2005, the Agnews re-filed the action against Resource Bank "word for word, claim for claim." ECF No. 1-1, ¶ 19. This litigation against Resource Bank was dismissed in November 2007 pursuant to the terms of a full Settlement Agreement and Mutual Release between the Agnews and Resource Bank. ECF No. 1-1, ¶ 20.

ULC argues that because the Agnews failed to prosecute the Resource Litigation that was pending at the time the Forbearance Agreement was executed,[5] the Agnews have not satisfied the condition set forth in Paragraph 6 of the agreement. ULC further asserts that the Agnews are liable because the phrase "*and regardless of outcome*" modifies the phrase "*whether by final*

---

[5] The Resource Litigation was dismissed for inactivity on March 7, 2005, by final order entered by the Virginia Beach Circuit Court. The Agnews did not file a motion to reinstate the Resource Litigation. ECF 1-1, ¶ 19-20.

10

*unappealable verdict or full settlement,*" not the phrase *"upon conclusion of the Resource Litigation."* ECF No. 20 at 9. *Id.* This Court agrees.

The phrase at issue in Paragraph 6 of the Forbearance Agreement states "[u]pon the conclusion of the Resource Litigation, whether by final unappealable verdict or full settlement." Accurately interpreted, the modifier "regardless of outcome" applies to the outcome of the final unappealable verdict (whether it be in favor of the Agnews or Resource Bank); and the amount of the "full settlement" refers to any full settlement (whether it be for much less than anticipated or much more).

Where there is a chance of ambiguity, a modifier should be used. The modifying phrase, in turn, modifies everything preceding it. *Wells v. Travelers Ins. Co.*, 26 Va. Cir. 296, 303 (Va. Cir. 1992), *overruled on other grounds by Evans v. State Farm Mut. Ins. Co.*, 33 Va. Cir. 411 (Va. Cir. 1994); *see also State Farm Mut. Auto Ins. Co. v. Seay*, 236 Va. 275, 280 (1988) (holding that the qualifying term "while in or upon a motor vehicle" at the end of a motor vehicle and aircraft insurance policy applies to the entire policy). If this Court were to accept Plaintiffs' argument that the phrase "regardless of outcome" should apply to the means by which the Resource Litigation was concluded, the sentence would have to read: "[u]pon the conclusion of the Resource Litigation, and regardless of outcome, [omission of 'whether by final unappealable verdict or full settlement'], United Leasing shall release the Agnews from personal liability on the Judgment without affecting United Leasing's rights against AGM under the Judgment." ECF No. 20, at 10. Because the sentence was not constructed in this manner, the Court finds that the phrase "and regardless of outcome" applies only to the phrase "whether by final unappealable verdict or full settlement." Under this proper interpretation, the Agnews were required to fully

prosecute the Resource Litigation to full settlement or final unappealable verdict before being released from personal liability under the Forbearance Agreement.

As the Resource Litigation was dismissed for want of prosecution, and not for a final unappealable verdict or full settlement, the Agnews are not released from personal liability under the Forbearance Agreement.

## V. CONCLUSION

Plaintiffs' Motion for Summary Judgment (ECF No. 13) is **DENIED**. Defendant's Motion for Summary Judgment is (ECF No. 19) is **GRANTED**. Defendant's Motion for Reconsideration (ECF No. 17) is **DENIED** as moot. Defendant's Motion for Request for Hearing is **DENIED** as moot.

Defendant is hereby **ORDERED** to prepare a Judgment regarding this case. The Judgment shall include a proposed award of sanctions payable by plaintiffs' Counsel to defense Counsel. This award shall reflect defense Counsel's estimate of their costs incurred in preparing their Summary Judgment briefing. The draft Judgment shall be filed within thirty days of this Order. Plaintiffs' Counsel shall file its response within fourteen days after the draft Judgment is filed.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

IT IS SO ORDERED.

_____
Arenda L. Wright Allen
United States District Judge

Nov 13, 2015
Norfolk, Virginia