UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

MICHAEL C. TRIMARCO,
   Plaintiff,

v.

MICHAEL T. FARLEY,
SHAWN PATRICK CARDEN,
MICHAEL A. HILMER,
CHRIS CICOLINI -and-
ASHISH KAPOOR
   Defendants.

Case No. 1:20-cv-01408-RGA
TRIAL BY JURY IS DEMANDED

FILED
MAR 0 5 2021
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## OBJECTION TO MOTION FOR ADDITIONAL TIME TO SERVE CARDEN

Now comes the defendant Farley and objects to the plaintiff's request for an additional 30 days to serve defendant Shawn Carden.

This case was filed on or about October 20, 2020. No summonses were requested by the plaintiff. Only Mr. Cicolini was served by the plaintiff. Defendant Farley, aware of the suit, voluntarily completed his own waiver of service form and delivered it to plaintiff's attorney.

No effort was made to serve Hilmer or Kapoor; and Carden was not served within ninety (90) days as required by Fed. R. Civ. Proc. 4(m). More specifically, no effort was made to serve Carden until the 91st day after filing the Complaint.

The Affidavit of Non-Service indicates that an effort was made to serve Mr. Carden on January 19th at 6:00pm. This fact is disputed by Mr. Carden, but even if the court were to accept it as true, this was the 91st day from October 20, 2020. Regardless, service was not made by the 90th day.

Under these facts, Rule 4(m) indicates that the court must dismiss the action without prejudice, or order that service be made within a specified time. The court is not obligated to extend the time for service unless "good cause" is shown. See Fed. R. Civ. Proc. 4(m).

> (m) TIME LIMIT FOR SERVICE. *If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But <u>if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period</u>*.

Fed. R. Civ. Proc. 4(m) (as amended 2015) (emphasis added).

In this matter, the plaintiff has not shown any admissible or relevant evidence of "good cause" for their failure to serve within 90 days.[1] In fact, there is no evidence of any effort to serve Mr. Carden at any time between Day 1 and Day 90 after filing the complaint. The plaintiff's description of efforts commences on the 91st day.

It is entirely possible that Mr. Biss[2] was unaware that the Federal Rules of Civil Procedure were amended six (6) years ago to shorten the time for filing from 120 days to 90 days. As noted in the pending Motion to Disqualify and the Objection to Pro Hac Vice, Mr. Biss frequently runs afoul of rules of procedure and conduct.

Regardless, because it appears that no effort was made to serve Mr. Carden within 90 days, the matter against him should be dismissed without prejudice.

---

[1] A significant portion of the non-service affidavit was dedicated to the plaintiff's version of why they were unable to serve this defendant on the 98th day after filing, but this story is not particularly relevant to why they were unable to serve within 90 days.

[2] Mr. Biss is not yet admitted *pro hac vice*, but has been the driving and controlling force in this litigation, drafting the complaint, sending communications, and hosting the R26 conferences. Accordingly, any fault for the failure to serve within the time frame presumably rests with Mr. Biss.

WHEREFORE, because good cause has not been shown, and because no effort was made to serve Mr. Carden within 90 days, we respectfully request:

a. That the matter against Mr Carden be dismissed without prejudice; and/or
b. That the court enter such other relief as deemed appropriate.

The defendant, pro se

/s/Michael Farley
Michael Farley
One Courthouse Square
Newport, RI 02840
mfarleyesq@yahoo.com
401-835-8775

**CERTIFICATION**

The defendant certifies that it delivered a copy of the foregoing document via electronic mail to opposing counsel on March 1, 2021 to the following addresses:
Ryan Ernst, Esq. rernst@oelegal.com

/s/Michael Farley

Case 1:20-cv-01408-RGA   Document 26   Filed 03/05/21   Page 4 of 4 PageID #: 299

Michael T Farley, Esq
One Courthouse Sq
Newport, RI 02840



PROVIDENCE RI   028

2 MAR 2021  PM 4  L

USA FOREVER



FILED
MAR 0 5 2021
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Office of the Clerk
United States District Court
844 North King St Unit 18
Wilmington, DE 19801-3570



U.S.M.S. X-RAY

19801-357099