

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

MICHAEL C. TRIMARCO,
    Plaintiff,
v.

MICHAEL T. FARLEY,
SHAWN PATRICK CARDEN,
MICHAEL A. HILMER,
CHRIS CICOLINI -and-
ASHISH KAPOOR
    Defendants.

Case No. 1:20-cv-01408-RGA
TRIAL BY JURY IS DEMANDED

## OBJECTION TO MOTION TO ADMIT STEVEN BISS *PRO HAC VICE*

### I. INTRODUCTION

This defendant has moved to disqualify Mr. Biss, which motion is presently pending. The response is due on or about March 10, 2021.

For the sake of brevity, this objection adopts and incorporate the facts and analysis contained in the Motion to Disqualify (Docket #17).

In addition to the issues discussed therein, there are several additional facts which operate to disqualify Mr. Biss from practicing law in Delaware.

**The Agnew Matter**

The 2017 Agnew matter is significant to this court's review of the pro hac vice motion because it depicts hallmarks of Steven Biss litigation – bad faith, misrepresentations, prolonged proceedings and meritless claims, with some inexcusable neglect thrown in for good measure.

In Agnew v. United Leasing, CA 2:14-00525 AWA-DEM (ED. Va. 2015), Mr. Biss represented the plaintiffs in a case where plaintiffs sought to avoid personally liability for a confessed judgment. In that case, the court granted summary judgment against Mr. Biss' client

1

after lengthy proceedings¹. The court noted that Mr. Biss and/or his client presented a heavily redacted excerpt of an earlier litigation. The court wrote that these "submissions made by Plaintiffs appear to constitute intentional misrepresentation or attempted deception." It specifically found that plaintiff's representations prolonged the litigation, and that those representations appear "intentionally misleading."

> *It is noted that the redacted excerpts of the transcript from the August 23, 2007 hearing before Judge Shockley—those that the Agnews raised in opposition to ULC's Motion to Dismiss—inadequately presented the posture of the 2007 Virginia Beach Action. Moreover, <u>the submissions made by Plaintiffs appear to constitute intentional misrepresentation or attempted deception. The Agnews' representations in opposition to ULC's Motion to Dismiss have prolonged this litigation.</u> **<u>The Court is dismayed that Plaintiffs' representations appear intentionally misleading, and may have been designed to cause unnecessary delay.</u>** Accordingly, Defendant is directed to prepare a Judgment regarding this case. The Judgment shall include a proposed award of sanctions payable by plaintiffs' Counsel to defense Counsel. This award shall reflect defense Counsel's estimate of their costs incurred in preparing their Summary Judgment briefing. The draft Judgment shall be filed within thirty days of this Order. Plaintiffs' Counsel shall file its response within fourteen days after the draft Judgment is filed.*

Agnew v. United Leasing, CA 2:14-00525 AWA-DEM (ED. Va. 2015) (November 13, 2015 Order at fn4) (emphasis added).

Mr. Biss appealed that sanction to the Fourth Circuit Court of Appeals. The sanction against Mr. Biss and/or his clients were upheld. In that case, the 4th Circuit wrote in an Unpublished Opinion:

---

¹ The enforcement of the agreement against Mr. Biss' client took seventeen (17) years, including ten (10) years of state and federal litigation. As written by the Fourth Circuit:
> *This appeal arises out of an agreement entered into nearly seventeen years ago and follows almost a decade of litigation in state and federal courts. At this stage, <u>the plaintiffs' claims are simply meritless.</u>*

Agnew v. United Leasing, 4th Cir. 2015-02554, (February 22, 2017) (emphasis added).

> *The Agnews' passing claim that these redactions were done "in good faith and for the sake of brevity," [] is not sufficient to explain such heavy redactions or to undermine <u>the district court's finding that the transcript was misleading and was submitted in bad faith</u>. Likewise, the Agnews do not present us with evidence to overcome the district court's finding that the confusion caused by the heavily redacted transcript prolonged the proceedings and resulted in additional work for ULC's attorneys. Thus, we do not believe that the district court abused its discretion in imposing the limited sanctions that it did.*

<u>Agnew v. United Leasing</u>, 4th Cir. 2015-02554, (February 22, 2017) (emphasis added).

The 4th Circuit utterly rejected the Agnew's appeal, including Mr. Biss' appeal of the District Court's denial of his motion for leave to file an untimely brief. Apparently, Mr. Biss had neglected to timely oppose a motion for summary judgment against his client. Mr. Biss told the court that his opposition brief was twelve days late because he "mistakenly calendared the wrong date." Mr. Biss argued that his admitted neglect was "excusable." The District Court agreed that his action was neglectful, but disagreed that the neglect was "excusable," denying the motion to file a tardy brief.

The Fourth Circuit found the district court's reasoning behind the denial to be persuasive.

> Despite multiple opportunities to do so, [Biss' client] failed to provide any explanation for their mistake other than the fact that it was a mistake. But as this court has noted, "<u>**run-of-the-mill inattentiveness by counsel**</u>" is not excusable neglect. . . . Moreover, twelve days is a long delay. Thus, we hold that the district court did not abuse its discretion in denying [Biss' client] motion for leave to file their untimely brief.

<u>Agnew v. United Leasing</u>, 4th Cir. 2015-02554, (February 22, 2017) (emphasis added) (citing <u>Thompson v. E.I. DuPont de Nemours & Co.</u>, 76 F.3d 530, 535 (4th Cir. 1996).

**The <u>Feingold</u> Matter**

We also urge the court to review the Feingold matter for insight into Mr. Biss' treatment of opposing counsel. <u>Feingold v. Biss</u>, 9:06-cv-80170-JIC (Southern District of Florida). In that

3

matter, Attorney Feingold sued Mr. Biss for slander. According to the complaint, Mr. Biss appears to have attempted to extort witnesses into falsely testifying that Attorney Feingold laundered money.[2] We call the court's attention to Docket Entry #4, which is Attorney Feingold's Memorandum in Opposition to Motion to Dismiss. More specifically, we call the court's attention to the notarized Affidavit of David Feingold at pages 57-61 where Mr. Feingold outlines Mr. Biss' efforts at extortion.

> *In particular, Biss gloated that 1) he had an association with a convicted felon and the ability to purchase and influence public officials 2) he was planning to engage in a scheme with his convicted felon partner to purchase the mortgage of his enemy Paul Sloan and there after evict Mr. Sloan 3) he was attempting to influence the US attorney to prosecute Paul Sloan 4) he threatened to initiate a bar complaint or find someone that would initiate a bar complaint on any lawyer that would pursue him or challenge him 5) he threatened to file baseless litigation to bankrupt Feingold and said he could load on the lawsuits just as he did to Sloan 6) he even gloated that he has been reported to the Virginia Bar on numerous occasions and he does not care because they will not do anything. 7) he further gloated that he had been found by federal judges to have acted improperly but no one has ever really punished him so he will continue to act however he wants. 8) he also further gloated that he had filed lawsuits on behalf of people he does not even represent one of which was dead and that he will continue to use that tact if necessary.*
>
> *In short, Biss gloated that he has a history of illegal conduct and if Feingold did not simply assist Biss, that Biss would turn all of those tacts towards Feingold. . . . Feingold advised Biss that Biss had no evidence, that his threats were ridiculous . . . . Biss' final statement was that he was able to convince the present "group of idiots" he represented to actually pay him a retainer and he would continue to search for clients to sue Feingold if Feingold would not simply help him against Sloan.*

Affidavit of David Feingold (March 1, 2006), <u>Feingold v. Biss</u>, 9:06-cv-80170-JIC (Southern District of Florida). Docket Entry #4, March 3, 2006, pp. 59-60.

---

[2] We respectfully note that a review of the Florida Bar Disciplinary records showed no record of public discipline against Attorney David Feingold. We further note that this is in marked contrast to the disciplinary record of Mr. Biss which is heavily marred by two lengthy suspensions and a public censure, as well as myriad admonitions from judges around the country.

4

In addition, Sean Zausner provided a notarized affidavit which further describes an extortionate scheme by Steven Biss:

> *Biss stated that he would be suing me if I did not help him and sign an affidavit against Sloan and Feingold. I asked Biss what he wanted in the affidavit and Biss said he wanted me to sign an affidavit that said Sloan stole $4.6 million and wired that money to the Bahamas and that Feingold taught him how to do that. I told Biss that was ridiculous and then I would not sign such a statement. Biss then stated Sloan is a criminal he wired $4.6 million to the Bahamas and Biss claimed to have written proof of that. Biss further stated that Feingold is a criminal as he knows Sloan did this and Feingold is Sloan's personal lawyer and he will not tell me where Sloan's put all of the money and therefore Feingold is a criminal because he knows how Sloan stole the money and Feingold showed Sloan how to launder money and I have written proof of Feingold doing that.*
>
> *Biss told me that if I did not sign an affidavit to help him, that he would then find a way to sue me. Biss further stated that he has had lots of trouble with the law and courts in the past and that does not bother him and I better rethink my position because Biss will do anything and pursue me as well.*

Affidavit of Sean Zausner (March 1, 2006), Feingold v. Biss, 9:06-cv-80170-JIC (Southern District of Florida). Docket Entry #4, March 3, 2006, pp. 59-60.

## II. CONCLUSION

Mr. Biss lacks the character, trustworthiness, civility and competence to practice in the Delaware federal court. For all of the reasons cited in this Defendant's Motion to Disqualify, as well as the reasons citetd herein, we respectfully urge the court to exercise its discretion, and deny Mr. Biss' *pro hac vice* application.

WHEREFORE, given the volume of Mr. Biss' suspensions from the practice of law as well as the allegations of misconduct, sanctions, censures and attorney discipline levied against him, the defendant respectfully requests that the court:

a. Conduct a hearing with witnesses to determine whether Mr. Biss possesses the moral character, truthfulness, civility and competence expected of attorneys practicing in Delaware federal court; or

b. That any *pro hace vice* motion be denied; and/or

c. That the court enter such other relief as deemed appropriate.

The defendant, pro se

/s/Michael Farley
Michael Farley
One Courthouse Square
Newport, RI 02840
mfarleyesq@yahoo.com
401-835-8775

### CERTIFICATION

The defendant certifies that it delivered a copy of the foregoing document via electronic mail to opposing counsel on February 27, 2021 to the following addresses:
Ryan Ernst, Esq. rernst@oelegal.com

/s/Michael Farley

Michael T Farley, Esq
One Courthouse Sq
Newport, RI 02840

PROVIDENCE RI   028

3 MAR 2021   PM 3   L



FILED

MAR 0 8 2021

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Office of the Clerk
United States District Court
844 North King St Unit 18
Wilmington, DE 19801-3570

U.S.M.S.
X-RAY

19801-357099

