IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL C. TRIMARCO, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL T. FARLEY, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:20-cv-01408-RGA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S REPLY IN SUPPORT
OF MOTION FOR ADMISSION *PRO HAC VICE***

Plaintiff, Michael C. Trimarco, by counsel, respectfully submits this Reply in support of his motion for admission *pro hac vice* of Steven S. Biss, Esquire, and in response to the opposition and reply memorandum [D.I. Nos. 27, 29] filed by Defendant, Michael T. Farley ("Farley").

1.    Plaintiff and Delaware counsel firmly support the motion for admission *pro hac vice* of Mr. Biss.  Mr. Biss is a highly skilled and experienced litigator.  He is accompanied in this case by experienced Delaware counsel.  He submits to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the preparation or course of this action.

    2.    Plaintiff and Delaware counsel do not wish to engage Mr. Farley or to add unnecessarily to the matter, but there are a few statements in Mr. Farley's opposition to Plaintiff's PHV motion [D.I. No 27] and Mr. Farley's reply to Plaintiff's opposition to motion to disqualify [D.I. No. 29] that must be addressed:

    First, the *Agnew* case does not depict "hallmarks of Steven Biss litigation". The Agnews in good faith and for the sake of brevity submitted a partially redacted transcript to address one of the many issues before the Court in this 17+ year litigation of a confessed judgment. The District Court found that the redactions "appear[ed]" to be intentionally misleading and designed to delay. They were not. The Agnews appealed, and the Fourth Circuit upheld the District Court's decision. Mr. Biss was not sanctioned.

    Second, the *Feingold* matter involved a completely fabricated claim by a Florida lawyer against Mr. Biss in 2006. None of Mr. Feingold's or Mr. Zausner's statements was true. Mr. Biss filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6). A copy of that verified motion is attached hereto as <u>Exhibit "A"</u>. Mr. Feingold filed a motion to remand the case to State Court. After the case was remanded, Mr. Feingold dropped the case.

    Third, in 2009 and 2010, Mr. Biss accepted full responsibility for his actions and the Virginia State Bar imposed agreed discipline. The discipline is a matter of public record. For the past eleven (11) years, Mr. Biss' license has been active and

in good standing in all jurisdictions. He has been admitted *pro hac vice* in numerous Federal and State Courts and has appeared in hundreds of cases, successfully representing the interests of his clients.

Fourth, the Bar complaint filed by United Leasing Corporation, alleging a conflict of interest, was disputed. There was no finding of "conflict of interest in two separate cases, and then against by the Virginia State Bar". After the trial court denied a motion to disqualify filed by United Leasing, Mr. Biss appeared as counsel in the Richmond Circuit Court in October 2008, tried the case to verdict, and obtained a $1,100,000 judgment for his client against United Leasing, which was affirmed by the Virginia Supreme Court.

Fifth, in the *Nunes v. Twitter* case, Twitter was only one of the "primary target[s]". After the Court denied Twitter's first motion to dismiss, Twitter filed a motion alleging that it was immune from suit under § 230 of the Communications Decency Act, 47 U.S.C. § 230. The trial court granted Twitter's motion over the plaintiff's objection. The trial court's order is not final. The case remains pending as to three defendants.

Sixth, Mr. Biss did not contravene the February 27, 2020 Order entered by the Court in *Lokhova v. Halper*. Rather, Mr. Biss' client, Svetlana Lokhova, filed a separate lawsuit against Stefan Halper relating to separate tortious conduct by Halper in 2020. Mr. Biss obtained and filed a waiver of service of summons on

March 9, 2021. Mr. Biss did not file any frivolous post-judgment litigation against the defendants in the original case. The separate, second case against is pending. The statement by Delaware counsel in Document 28, footnote 3 is 100% accurate.

Seventh, the motion for sanctions recently filed in the *Indeco* action by counsel for the defendant is meritless. Mr. Biss acted within his full rights in protecting the rights and interests of both Indeco and the Indeco trustee in filing a notice of voluntary dismissal without prejudice. The Indeco trustee has filed no objection to Mr. Biss' notice, and recently made clear that the dismissal without prejudice preserved the trustee's ability to re-file an action for defamation if the trustee determined that that was in the best interests of the estate.

Eighth, Mr. Biss did not file the defamation case in Jefferson County, West Virginia "without first seeking admission to that jurisdiction". Mr. Biss expects to be admitted *pro hac vice* in the Jefferson County defamation case. Mr. Biss was admitted *pro hac vice* in a case in Berkeley County, *Matador v. Levine*. A copy of that Order is attached hereto as *Exhibit "B"*. Mr. Biss is not the subject of any motion for sanctions in any case in West Virginia.

## CONCLUSION

The statements made by Mr. Farley in his pleadings are unnecessary, impertinent and scandalous. They should be struck pursuant to Rule 12(g).

Plaintiff has an interest in being represented by his counsel of choice. *See E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 525908, at * 1 (Del. Super. Feb. 20, 2008) ("While the Court is mindful that Sonnenschein's experience in representing Travelers may give Stonewall, through Sonnenschein, an insight into DuPont settlement strategies or the like which Stonewall would not otherwise enjoy, the Court is not persuaded that these circumstances outweigh Stonewall's interest in being represented by counsel of its choice").

For the foregoing reasons, Plaintiff respectfully requests the Court to grant Plaintiff's motion for the admission of Mr. Biss *pro hac vice*.

DATED: March 15, 2021

<div style="margin-left:50%">

/s/ Ryan M. Ernst
Ryan M. Ernst (No. 4788)
Bielli & Klauder, LLC
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
Fax: (302) 397-2557
rernst@bk-legal.com

Steven S. Biss (Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:  (804) 501-8272
Facsimile:  (202) 318-4098
Email:  stevenbiss@earthlink.net
(*Motion for Admission Pro Hac Vice Filed*)

*Counsel for the Plaintiff*

</div>