IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL C. TRIMARCO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01408-RGA |
| | ) | |
| | ) | |
| MICHAEL T. FARLEY *et al* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN**

Plaintiff, Michael C. Trimarco ("Plaintiff"), by counsel, and Defendants, Michael T. Farley ("Farley") *pro se* and Chris Cicolini ("Cicolini") *pro se*, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (the "Rules"), submit the following Joint Rule 26(f) Report and [Proposed] Discovery Plan.

The parties met and conferred pursuant to Rule 26(f) on January 29, 2021 (Counsel for Plaintiff and Defendant Cicolini) and on February 22, 2021 (Counsel for Plaintiff and Defendant Farley), and March 1, 2021 (Defendants Cicolini and Farley), and report as follows:

    1.    **Nature and Bases of Claims and Defenses**

        A.    *Plaintiff's Statement*

Plaintiff alleges claims of defamation, false light invasion of privacy and conspiracy as a result of multiple false and defamatory statements published by Defendants and their agents between March 3, 2020 and October 17, 2020. According to Plaintiff, the Defendants, acting in concert together and with others, falsely and unjustifiably accused Plaintiff of multiple federal and

state crimes and wrongly imputed to him fraud, dishonesty and deceit, as part of a scheme or artifice to seize control of Uptempo Marketing and perpetrate and convert its business, rendering them liable for the injuries, presumed damages and actual damages sustained by Plaintiff.

Plaintiff contends that the positions espoused by Defendants in their statement below and in their answers and affirmative defenses and other pleadings filed in this action are inaccurate and meritless.

B.   *Defendants' Statement*

The statements were neither false nor defamatory. As noted in Uptempo, Inc. v. Trimarco, Ontario Superior Court CV-20-00647553-00, the ***plaintiff*** used fraud, dishonesty and/or deceit in efforts to take property from Uptempo, Inc and its shareholders. These efforts are well-described in the Delaware Chancery Court litigation and the Ontario Superior Court litigation.

The plaintiff is engaged in multiple pieces of litigation spanning two countries, two states and four jurisdictions (Ontario Superior Court x2; Delaware Chancery Court; Delaware Federal Court; New York Supreme Court). Each litigation involves specific allegations of fraud. Those matters are not proceeding well for the plaintiff, and at the present time, he is unrepresented in several lawsuits.

The plaintiff was sued by Uptempo and its subsidiaries in Ontario Superior Court. The substance of the lawsuit is breach of contract and fraud by Michael Trimarco. The very claims that Mr. Trimarco here alleges are false and defamatory were alleged as fact in the Ontario complaint. Defendants allege that Mr. Trimarco and his businesses (IPPI and Melrose Ventures) failed to answer that Ontario Superior Court Complaint which was served on them in December. As a consequence, Defendants allege that the Ontario Superior Court has stated that the plaintiff

is in default.  Defendants contend that this is significant to the present case, because many of the alleged defamatory statements in this case, are factually alleged in the Canadian lawsuit.

It is the defendants' position that this defamation lawsuit is a frivolous attempt to obtain some type of leverage in his other legal matters.  It is not clear why Delaware was selected as the forum.  Defendants have asserted procedural and substantive defenses to this action.  Procedurally, the defendants asserted lack of personal jurisdiction, improper venue and forum non conveniens, because the plaintiff does not reside in Delaware, none of the defendants reside in Delaware, none of the recipients of the communication reside in Delaware, and none of the communications took place in Delaware.

Substantively, the defendants do not deny that the statements were made, but most importantly asserts that each statement was truthful.  In addition, the defendant has asserted claims of privilege, consent and that the statements were not defamatory.  Moreover, the defendant has asserted that the plaintiff's reputation has not been impacted by these statements as much as by Mr.Trimarco's history of investigations and allegations of fraud related to  <u>Trimarco v. Data Treasury Corp; State of Florida v. Advanced Wellness/Trimarco; Federal Trade Commission v. Home Assure/Trimarco; International Vapor Group v. Trimarco; Intellipayment v. Trimarco; Reinhardt v. Trimarco and other matters in litigation</u>.  The defendants will seek discovery from plaintiff and third parties which will corroborate these defenses.

  **2.**  <u>**Settlement**</u>

At the meet and confer, the parties discussed the possibilities for promptly settling or resolving the case.  On September 17, 2020, Plaintiff served a demand for retraction of the statements at issue, an apology, an agreement to cease and desist from making and publishing further false and defamatory statements, and for just compensation.  Defendants refused Plaintiff's

3

demand. At this time, Plaintiff remains willing to discuss settlement, but an early settlement or resolution of this case does not appear possible.

Defendants' Statement: There will be no settlement in this matter. The plaintiff may reach some settlement in other litigation involving other litigation opponents, but no portion of such settlement will be allocated to resolve this action. In recognition that this litigation may divert Plaintiff's attention from a resolution in larger matters, Cicolini has agreed to refrain from filing any motion to compel[1] before March 19, 2021, and the parties have agreed to refrain from expansion of litigation.

3.   **Magistrate Jurisdiction**

The Plaintiff does not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

The defendants consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

4.   **[Proposed] Discovery Plan**

The parties were unable to completely agree on a discovery plan. The parties report as follows:

**(A)    Rule 26(a)(1) Disclosures** – Completed

Defendant Cicolini made his R26 disclosures on January 29, 2021;

Defendant Farley made his R26 disclosures on February 22, 2021;

Plaintiff made his R26 disclosures on Feb 26, 2021.

---

[1] Trimarco's discovery responses to Cicolini were due on or about 3/2/2021.

**(B)     Plaintiff's Discovery Position**

(i)     Discovery may be needed on all subject matters relevant to the claims made by Plaintiff in his Complaint [*ECF No. 1*] and to the denials and defenses raised by the Defendants in their answers and affirmative defenses [*ECF Nos. 5 and 11*].  All fact discovery must be completed no later than fifty (50) calendar days before the Final Pretrial Conference.  "Completed" means that all interrogatories, requests for production of documents, requests for admissions, depositions, subpoenas to third-parties, and all other discovery requests must be served at least thirty (30) days before the discovery cutoff.

(ii)    Pursuant to Rule 26(f)(2), Plaintiff agrees to produce any discoverable electronically stored information and retain any such information for the duration of the case and produce such information.

(iii)   Plaintiff agrees to retain and preserve all discoverable information until the conclusion of the case.

(iv)    It is Plaintiff's position that no changes should be made in the timing and limitations on discovery imposed under the Rules or by the Local Civil Rules, except as set forth in the Court's Scheduling Order.  Any changes in the limitations on discovery or the timing of Rule 26(a)(2) and (a)(3) disclosures imposed under the Rules, the Local Civil Rules, or the Court's Scheduling Order will be made by motion.

Plaintiff's contend that the statements and opinions offered by the Defendants below are largely inaccurate and unnecessary.  Plaintiffs believe that the parties must cooperate in good faith in order to facilitate discovery in this case and avoid dispute.  Plaintiffs contend that the parties should meet and confer prior to the filing of any discovery motions as required by the Rules and

the Magistrate Judge procedures for resolving discovery disputes set forth on the District Court's website.

  **(C) Defendants' Discovery Position**

    (i). The Defendants intend to use the following discovery mechanisms:

    Rule 33 Interrogatories;

    Rule 34 Request for Production of Documents;

    Rule 36 Request for Admissions;

    Subpoenas duces tecum of approximately 30 entities;

    Deposition of various witnesses;

    Deposition of Michael Trimarco (noticed by Farley for April 2, 2021).

The pro se defendants are interested in a more regimented discovery plan than that espoused by the plaintiff. A review of the plaintiff's litigation history shows that he has been involved in over thirty lawsuits. Some of these lawsuits languished for years before dismissal. Many of these cases dragged on because there were no deadlines to keep the litigation on track. These defendants are desirous of a prompt resolution of the matter and have commenced discovery diligently. Cicolini served interrogatories, request for production of documents and a notice of deposition of Mr. Trimarco on January 29, 2021. Those responses would have been due this week, but Mr. Cicolini has agreed to refrain from filing any motion to compel until March 19, 2021. Farley served interrogatories, request for production of documents and a notice of deposition of Mr. Trimarco on February 22, 2021 (for April 2, 2021). The defendants propose closing fact discovery on July 31, 2021, and propose other dates below:

    Proposed Fact Disclosure Cut-off: July 31, 2021

    Proposed Expert Disclosure: August 31, 2021

    Rebuttal Expert Disclosure September 30, 2021

|  |  |
|---|---|
| Expert Depositions | October 31, 2021 |
| Dispositives, Motions In Limine: | November 30, 2021 |
| Pretrial Memos Due | February 1, 2022 |
| Final Pretrial Conference | On or about February 15, 2022 |

The defendants disagree with the following aspects of plaintiff's discovery position:

- The defendants request that documents be produced in "native format" for two reasons: 1) native format preserves metadata such as the author and the date of drafting and editing, and 2) native format is word-searchable. The defendants object to the production of pdf documents which do not capture that data.

- The defendants have each hired a third-party service provider to copy all documents on their devices. The plaintiff has declined to do the same.

- The defendants note that all claims of privilege, confidentiality or proprietary information should be reported on a privilege log. The defendants object to the blanket production of confidential, privileged or proprietary information and do not consent to its production. It is the defendants' position that plaintiff has previously used such data for mischievous purposes, to the detriment of the defendants' employer. The defendants agree to identify any information to which it claims confidential, privileged or proprietary together with a description sufficient to provide an opportunity to move to compel. Defendants agree that they will cooperate with the plaintiff, including a case-by-case review to determine whether an agreement can be reached or a redacted version of the privileged document can be produced.

- With respect to limits on depositions, the defendants anticipate a need to file approximately thirty (30) subpoenas duces tecum. The Fed. R. Civ. Proc. appears to limit a matter

to 10 "oral depositions." At this time, defendants do not anticipate more than ten (10) oral depositions.

**5.   Amendments**

The parties agree that the deadline for amending the pleadings and/or adding any additional parties is thirty (30) days after the Court enters its Scheduling Order in this action.

Defendants' statement: This change is respectfully suggested because we understand that plaintiff has agreed to refrain from expanding the litigation for a period of two weeks. Without the change, the original language would effectively bar any amendment.

**6.   Other Matters**

Native Format

The defendants have requested that discovery materials (emails and documents) be produced in a "native format" which captures the metadata contained within each document. Producing in "native format" is a less-costly process, and reduces the amount of paper being used. The defendants have notified the plaintiff of the importance of preserving this information.

In addition, the defendants have already engaged the services of a third-party vendor to secure their own data in a native format.

Privilege Issues

This defendant Farley is an attorney (not admitted in Delaware), and at all relevant times was engaged as general counsel of Uptempo, Inc (the employer of all defendants). In this context, he provided advice and counsel to the other named defendants between March 17, 2020 to the present. Issues of attorney-client privilege and work product may arise in that context, as well as in the context of communications with external counsel in Delaware and Canada.

Counsel for Plaintiff, and pro se parties Farley and Cicolini agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: March 23, 2021

<table>
<tr><td>

*/s/ Ryan M. Ernst*
Ryan M. Ernst (No. 4788)
Bielli & Klauder, LLC
1204 N. King Street
Wilmington, DE 19801
Direct: (302) 321-5411
Fax: (302) 397-2557
rernst@bk-legal.com

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, VA 22903
Telephone:  804-501-8272
Facsimile:  202-318-4098
Email:  stevenbiss@earthlink.net

*Counsel for the Plaintiff*

</td><td>

*/s/ Michael T. Farley*
Michael T. Farley. *Pro Se*
One Courthouse Square
Newport, R.I. 02840
(401) 835-8775
mfarleyesq@yahoo.com

*/s/ Chris Cicolini*
Chris Cicolini *Pro Se*
6996 Woodrise Rd
New Market, MD 21774
ccicolini@uptempopay.net
(301) 536-6347

</td></tr>
</table>